UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| M.M., <br><br> Petitioner, <br><br> v. <br><br> CAMMILLA WAMSLEY, et al., <br><br> Respondent. | Case No. 2:25-cv-02074-TMC <br><br> ORDER GRANTING APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE |

On October 22, 2025, Petitioner M.M. filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Dkt. 1. Five days later, M.M. moved to request this Court issue an order to show cause and expedited briefing schedule in this matter. Dkt. 8 ¶ 7. The Court GRANTS the motion and orders an expedited briefing schedule for the reasons that follow.

1. The Court retains discretion to determine when an answer or response to a section 2241 habeas petition is due. *See, e.g.*, Sect. 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."); *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). Even when following 28 U.S.C.

ORDER GRANTING APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE - 1

§ 2243, the Court may allow up to twenty days for the return with good cause. 28 U.S.C. § 2243 ("The writ, or order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").

2. In the exercise of its discretion to fix the response deadline, the Court is mindful that Congress has clearly indicated that habeas petitioners are entitled to a prompt ruling. A court considering a habeas application must "*forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243 (emphasis added); *see Fay v. Noia*, 372 U.S. 391, 400 (1963) (explaining that habeas is meant to provide a "swift and imperative remedy"); *In re Habeas Corpus Cases*, 216 F.R.D. at 53 ("Undue delay in the disposition of habeas corpus cases is unacceptable.")

3. Thus, the Court examines the allegations and circumstances of each case in determining the due date of a response. In examining the allegations here, the Court finds there is a basis to expedite this matter. M.M. alleges that despite residing in the United States for years before his arrest, he is unlawfully detained under mandatory detention policies recently adopted by the Department of Homeland Security ("DHS") and the Executive Office for Immigration Review ("EOIR"). Dkt. 1 ¶¶ 1–11, 45–46. Whether M.M. is lawfully detained under 8 U.S.C. § 1225 presents the same legal question that was the subject of *Rodriguez Vazquez v. Bostock*, in which the Court declared that the Tacoma Immigration Court's practice of denying bond to certain detainees on the basis of 8 U.S.C. § 1225(b) was unlawful. --- F. Supp. 3d ---, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025); *see* Dkt. 1 ¶¶ 41–44. Because M.M. seeks a writ of habeas corpus based on an interpretation of the same legal question, the case appears unlikely to require detailed

ORDER GRANTING APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE - 2

fact development. *See* Dkt. 1 ¶¶ 45–52. And because M.M.'s petition alleges that the Immigration Judge granted a conditional bond amount, the sole question appears to be whether petitioner is a member of the *Rodriguez Vazquez* Bond Denial Class. *See* Dkt. 1 ¶ 11. In recent cases, Respondents have been able to file their return to similar uncomplicated applications of *Rodriguez Vazquez* within three business days. The Court orders the same schedule here.

4. Accordingly, the Court ORDERS:

    a. Petitioner's application for issuance of order to show cause, Dkt. 8, is GRANTED.

    b. Respondents shall file a response to the habeas petition no later than October 31, 2025. Any arguments that the petition should be dismissed shall be made in the response and not by separate motion.

    c. Any reply Petitioner wishes to file shall be due by November 3, 2025. The clerk shall note the matter for November 3, 2025.

    d. The clerk is directed to effectuate immediate service of the habeas petition filed in this case upon Respondents and shall immediately email a copy of this order to usawaw.Habeas@usdoj.gov.

Dated this 28th day of October, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE - 3