UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| M.M., <br><br> Petitioner, <br><br> v. <br><br> CAMMILLA WAMSLEY, et al., <br><br> Respondent. | Case No. 2:25-cv-02074-TMC <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioner M.M.[1] is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 ¶ 1. Petitioner, who entered the United States without inspection in 2010 and was apprehended by Immigrations and Customs Enforcement officials on September 27, 2025, claims that he is unlawfully subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶¶ 1–5, 45–46, 53–55. He argues that he is instead subject to detention under a separate provision of the

---

[1] Petitioner has requested to proceed using only his initials. Dkt. 1 ¶ 13. Respondents have not objected. The Court will allow Petitioner to proceed using his initials based on his stated fear of retaliation given the short nature of this proceeding. In future cases, counsel should provide more detailed facts to support such a request. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), under which he is entitled to a bond hearing before an Immigration Judge ("IJ") with the possibility of release. *Id.* ¶¶ 5, 10, 31–40, 54. Petitioner further claims that his continued detention without a bond redetermination hearing violates his due process rights. *Id.* ¶¶ 56–59.

Petitioner was denied bond under the rationale that the Tacoma Immigration Court lacks jurisdiction to grant bond for those mandatorily detained under § 1225(b)(2). *Id.* ¶¶ 3–4. An IJ set bond in the alternative in the amount of $25,000. *Id.* ¶ 11.

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, entering final judgment and issuing the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025).

On October 22, Petitioner filed a Petition for Writ of Habeas Corpus, asserting that he is a member of the Bond Denial Class and has been unlawfully detained without consideration for release on bond in violation of the INA. Dkt. 1 ¶¶ 30–42, 53–55. Five days later, he requested that the Court issue an order to show cause and expedited briefing schedule. Dkt. 8. The Court granted the show cause motion and set an expedited briefing schedule requiring Respondents to file a response to the habeas petition no later than October 31, 2025, with any reply due by November 3, 2025. Dkt. 10. On October 30, Petitioner sought, on an emergency basis, a temporary restraining order prohibiting his transfer to another detention facility while these proceedings were pending. Dkt. 11. The same day, the Court entered an emergency order

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

restraining Respondents from transferring Petitioner outside of this district pending a hearing. Dkt. 13. Respondents filed a response to the habeas petition on October 31. Dkt. 15.

The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS Petitioner's petition for a writ of habeas corpus.

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024) (citing 28 U.S.C. § 2241(c)(3)), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024).

## III.   DISCUSSION

It is undisputed that Petitioner remains in custodial detention at NWIPC. Dkt. 1 ¶ 1; Dkt. 15 at 1. Petitioner argues that because he is a member of the Bond Denial Class, his continued detention under § 1225(b)(2) and the denial of his request for bond under § 1226(a) violate the INA and his right to due process. Dkt. 1 ¶¶ 30–42, 53–59.

Respondents explain that while they continue to disagree with *Rodriguez Vazquez*, they "do not oppose this Petitioner being considered [a] member[] of the Bond Denial Class for purposes of this litigation." Dkt. 15 at 3 (footnote omitted). Respondents argue that if this Court grants the habeas petition, "the appropriate relief would be for him to either have a bond redetermination hearing in the immigration court pursuant to 8 U.S.C. § 1226(a) or to be released upon payment of the bond amount found in the alternate order by the [IJ] in his bond hearing." *Id.* at 3–4.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

In *Rodriguez Vazquez*, this Court granted summary judgment and entered a declaratory judgment for members of a certified Bond Denial Class, declaring that the "Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. The Court further declared that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." *Id.* There is no dispute that Petitioner is a member of the Bond Denial Class for purposes of this litigation. Dkt. 1 ¶ 42; Dkt. 15 at 3. For the same reasons that this Court granted Bond Denial Class members declaratory relief, the Court finds that Petitioner is detained under § 1226(a) and not subject to mandatory detention under § 1225(b)(2). *See Rodriguez Vazquez*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. Petitioner has thus shown he is "in custody in violation of the" INA. *See* 28 U.S.C. § 2241(c)(3). In addition, because nothing in the record shows that circumstances have changed since Petitioner's initial bond hearing, the Court declines to order a bond redetermination hearing. The writ of habeas corpus is GRANTED.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within ONE day of this Order, Respondents must either release Petitioner or allow Petitioner's release upon payment of the alternative bond amount of $25,000.
3. Petitioner's motion for a temporary restraining order (Dkt. 11) is DENIED as moot.
4. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 31st day of October, 2025.

Tiffany M. Cartwright
United States District Judge