UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| M.M.,<br><br>                    Petitioner,<br><br>          v.<br><br>LAURA HERMOSILLO, et al.,[1]<br><br>                    Respondents. | Case No. 2:25-cv-02074-TMC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

## I.    INTRODUCTION

Petitioner M.M. obtained habeas relief when this Court held he had been unlawfully subject to mandatory immigration detention without an opportunity for bond. Dkt. 17. He now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkts. 19, 20. Respondents agree that M.M. is the prevailing party, and they do not dispute the amount of fees sought. Dkt. 21. Instead, they argue that fees should be denied because their legal position was substantially justified. *Id.* But at the time M.M. was denied bond in immigration court, this Article III Court had already entered a declaratory judgment that

---

[1] Laura Hermosillo, Seattle Acting Field Office Director, Enforcement and Removal Operations, United States Immigration and Customs Enforcement, is substituted for Cammilla Wamsley under Federal Rule of Civil Procedure 25(d). The Clerk is directed to amend the caption to reflect this change.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 1

applying mandatory detention to noncitizens such as M.M. violated the law. *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). Because that declaratory judgment was binding on the parties to the case, and the defendants did not seek a stay of the judgment pending appeal, there was no reasonable basis for the government to ignore the judgment and force detainees to file habeas petitions as their only means of seeking relief from unlawful detention. Respondents' position was therefore not substantially justified, and the Court GRANTS M.M.'s motion for attorney's fees.

## II.    LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "It is the government's burden to show that its position was substantially justified." *Id.* Substantially justified means "justified to a degree that could satisfy a reasonable person." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id.* (quoting *Pierce*, 487 U.S. at 565). The court examines "both the government's litigation position and the underlying agency action giving rise to the civil action." *Id.* Whether the government's position was substantially justified is a matter of discretion for the district court. *Id.* at 869.

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 2

### III.   FINDINGS OF FACT

1.   Petitioner M.M. lives in Alaska and has resided in the United States since 2010. He is married to a U.S. citizen and has one U.S. citizen child. Dkt. 1 ¶¶ 45–48.

2.   M.M. was arrested by Immigration & Customs Enforcement ("ICE") officers on or about September 27, 2025 and detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. *Id.* ¶ 46. The Department of Homeland Security ("DHS") placed M.M. in removal proceedings before the Tacoma Immigration Court, charging him as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as having entered the United States without inspection. *Id.* ¶ 47.

3.   Respondents detained M.M. under the mandatory detention provisions in 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. 17 at 1–2.

4.   On September 30, 2025, in a case then captioned *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> [A]ll noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

> 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025).

5.   The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 3

*Id.*

6. The Court entered judgment in favor of the Bond Denial Class the same day. *See Rodriguez Vazquez v. Hermosillo*, No. 3:25-cv-05240-TMC, at Dkt. 66.

7. M.M. is a member of the Bond Denial Class. *See* Dkt. 17 at 3–4.

8. Despite the Court's declaratory judgment, on October 22, 2025, an immigration judge ("IJ") at the Tacoma Immigration Court denied bond to M.M. on the basis that he was subject to mandatory detention under § 1225(b)(2)(A). Dkt. 1 ¶ 51. The IJ set an alternative bond amount of $25,000. *Id.*

9. That same day, M.M. filed a petition for writ of habeas corpus arguing his detention was unlawful. Dkt. 1.

10. On October 28, 2025, Respondents appealed the *Rodriguez Vazquez* declaratory judgment to the Ninth Circuit Court of Appeals. *See Rodriguez Vazquez*, No. 3:25-cv-05240-TMC, at Dkt. 71. That appeal remains pending.

11. Respondents have not sought a stay of the declaratory judgment from either this Court or the Court of Appeals.

12. On October 31, 2025, the Court granted M.M.'s habeas petition and ordered that Respondents either release him or allow his release upon payment of the alternative bond. Dkt. 17.

13. M.M. now seeks an award of $7,041.09 in attorney's fees and costs under the EAJA. Dkts. 19, 20.

14. Respondents do not dispute that M.M. is a prevailing party or the amount of fees sought. Dkt. 21 at 2. Instead, Respondents argue only that attorney's fees should be denied because their position was substantially justified. *Id.* at 2–4.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 4

## IV.    CONCLUSIONS OF LAW

1.    M.M. is the prevailing party. 28 U.S.C. § 2412(d)(1)(A).

2.    The fees and costs sought by M.M. are reasonable and in compliance with the EAJA. 28 U.S.C. § 2412(d)(1)(B), (d)(2)(A).

3.    Respondents' position was not substantially justified.

4.    To determine whether the government has met its burden to show that its action was substantially justified, courts examine "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier*, 727 F.3d at 870.

5.    Here, Respondents cannot meet that burden because of the underlying agency action that required M.M. to file this habeas petition.

6.    At the time the IJ denied bond to M.M., this Court had already entered a declaratory judgment granting relief to a certified class of detainees such as M.M. and declaring that they were not subject to mandatory detention. *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1336.

7.    Although the government appealed that judgment, it has never sought to stay it.

8.    It is a "basic proposition" that "all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Id.*

9.    But instead, the federal agency defendants in *Rodriguez Vazquez* have chosen to ignore the declaratory judgment, forcing class members to file habeas petitions as their only means of seeking relief from unlawful mandatory detention.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 5

*See Rodriguez Vazquez v. Hermosillo*, --- F. Supp. 3d ----, 2026 WL 102461, at *2–3 (W.D. Wash. Jan. 14, 2026).

10. This Court recently explained in a detailed order why those agencies are incorrect in their position that the declaratory judgment is merely "advisory." *See id.* at *6. That reasoning is incorporated here.

11. For those same reasons, M.M. should never have been forced to file this habeas petition. When he sought a bond hearing after this Court's judgment in *Rodriguez Vazquez*, there was no reasonable basis in law or fact for the Tacoma Immigration Court to ignore that judgment and deny bond on the basis that he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See Meier*, 727 F.3d at 870. Although Federal Respondents conceded M.M.'s membership in the Bond Denial Class in their return to the habeas petition, *see* Dkt. 15 at 3, that does not change the reality that the fees and costs incurred here were solely the result of the government's unreasonable decision to ignore the class judgment in *Rodriguez Vazquez*.

12. Respondents' position was therefore not substantially justified, and there are no other special circumstances that would make an award of fees under the EAJA unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

13. The Court awards M.M. $6,787.09 in attorney's fees.

14. The Court awards M.M. $254.00 in costs.

### V.    CONCLUSION

Because Respondents' position was not substantially justified, the motion for attorney's fees (Dkts. 19, 20) is GRANTED. Petitioner is awarded fees and costs under the EAJA in the amount of $7,041.09. The judgment shall be amended to include the award in favor of Petitioner.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 6

Dated this 30th day of January, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 7